CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 7 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MINNET REID-SMITH, | Civil Action No. 7:12cv00393 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, | |
| | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is an action by Minnet Reid-Smith ("Ms. Smith") against defendant Globe Life and Accident Insurance Company ("Globe") to recover damages for Globe's refusal to pay a claim under a life insurance policy on her husband following his death from pancreatic cancer. Globe removed the case from the Circuit Court of the City of Roanoke pursuant to 28 U.S.C. § 1441 and this court's diversity jurisdiction.[1] The case is now before the court on Globe's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Globe contends that Ms. Smith's complaint, and the documents attached to that complaint, show that it had a right to rescind the life insurance policy based on materially false answers in the application for coverage. The court agrees and grants Globe's motion.

I.

According to medical records attached to Ms. Smith's complaint, by at least April 27, 2007, Mrs. Smith's husband, Lawrence Smith, had been diagnosed with stage IV pancreatic cancer, with evidence that it had metastasized to Mr. Smith's liver which was "unresectable."

---

[1] Ms. Smith is a citizen of New York and Globe is a Nebraska corporation with its principal place of business in Oklahoma. Ms. Smith is seeking $55,000 in compensatory damages for breach of contract and $150,000 in punitive damages based on Globe's alleged "reckless and negligent investigation" and deliberate misrepresentations. Accordingly, the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied.

(Compl. 29–30, ECF No. 1-1.) According to the attached Blue Ridge Cancer Care records, on May 18, 2007, Mr. Smith's attending physician "had a long discussion with both the patient and his wife," including the fact that "pancreatic malignancies involving the liver are usually not curable." (Compl. 29–30, ECF No. 1-1.) In September 2007, Ms. Smith applied to Globe for term life insurance benefits on the life of her husband in the amount of $50,000. The application asked: "In the past 3 years, has the Proposed Insured had or been treated for: (a) Cancer... or any disease of the... liver." (Compl. 22, ECF No. 1-1.) Ms. Smith answered "no." On October 5, 2007, based on the representations made in the application, Globe issued a policy on her husband in the amount of $50,000, and on January 5, 2008, it approved an additional $5000 in coverage. On August 15, 2009, Ms. Smith's husband died, and in October, Ms. Smith sought to recover under his life insurance policy. On March 1, 2010, Globe denied her claim and rescinded the policy based on her misrepresentations. According to Globe, had Ms. Smith disclosed her husband's "history of pancreatic cancer" and other medical conditions, it "would have been unable to approve him for coverage under [the] policy." (Compl. 25–26, ECF No. 1-1.)

## II.

Globe contends that Ms. Smith's complaint and attached exhibits show material misrepresentations that entitle it to judgment on the pleadings pursuant to Rule 12(c). The court agrees and grants Globe's motion.

"On a motion for judgment on the pleadings made pursuant to Rule 12(c), only the pleadings are considered," A.S. Abell Co. v. Balt. Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964), and the court must draw all reasonable factual inferences in favor of the nonmoving party. See Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (applying the same standard in reviewing a Rule 12(c) motion as it would a Rule 12(b)(6)

2

motion). If the record clearly demonstrates that false statements were made on an application for insurance, the court may resolve the misrepresentation issue as a matter of law. Banner Life Ins. Co. v. Noel, 861 F. Supp. 2d 701, at 710–11 (E.D. Va. 2012). In the absence of application language requiring a different conclusion, an insurance company need not demonstrate that the insured *knowingly* made a false representation in his or her application or related documents to rescind a policy, but must only demonstrate by clear proof that the application contained a false statement. Minn. Lawyers Mut. Ins. Co. v. Hancock, 600 F. Supp. 2d 702, 707 (E.D. Va. 2009).[2]

Ms. Smith's exhibits show at least that as of April 27, 2007, her husband had been diagnosed with pancreatic cancer that was thought to be incurable (and indeed had metastasized to his liver), that the policy application and request for increased coverage completed later that year asked whether he had been treated for cancer or any disease or disorder of the liver within the past three years, that Ms. Smith incorrectly answered that he had not been, and that Globe would not have issued the policy had it known of the diagnosis. Under the circumstances, it clearly appears that Globe is entitled to judgment on the pleadings.

### III.

In accordance with the memorandum opinion entered on this day, the court will grant Globe's motion for judgment on the pleadings.

**ENTER**: December 7, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because neither the enrollment application, nor the request for additional coverage, contained a provision that could qualify Ms. Smith's application responses as true to the best of her knowledge, Globe may rescind the policy if her statements were merely false, as opposed to knowingly false. See Sterling Ins. Co. v. Dansey, 195 Va. 933 (1954) (if the proposed insured is permitted to qualify his application responses as being true only to the best of his or her knowledge, the burden is increased and the responses must be knowingly false in order for the insurer to rescind the policy). Globe need only establish that her statements were *incorrect*, and material to the company's decision to issue a policy.

3